IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:12CR0038 (LMB) |
| ) | |
| KURAYE TAMUNOIBI AKUIYIBO ) | |

UNITED STATES' OPPOSITION TO MOTION TO STAY CIVIL
FORFEITURE PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)(2)

The defendant's motion to stay civil forfeiture proceedings is premature as there is currently no civil judicial forfeiture case before this Court. However, there is an administrative forfeiture action that is ongoing by the Federal Bureau of Investigation, as is apparent from the attached notice letter sent to defendant's counsel by the FBI. Attachment 1. That letter explains what is required of the defendant if he intends to contest the administrative forfeiture of his property.

Because the FBI has initiated administrative forfeiture, the defendant cannot circumvent that process by filing the current motion. Controlling Fourth Circuit law directs "once the Government initiates forfeiture proceedings, *the district court is divested of jurisdiction*. The court remains without jurisdiction during the pendency of the proceeding unless the claimant timely files a claim." *Ibarra v. United States*, 120 F.3d 472, 475-76 (4th Cir. 1997) (Hilton, J.) (emphasis added). Similarly, in *Frazee v. Internal Revenue Service*, 947 F.2d 448 (10th Cir. 1991), the claimants filed a petition for return of property pursuant to Rule 41(e) claiming that the property was illegally seized. Shortly before a hearing on the claimants' motion, the Government served the claimants with notice of judicial forfeiture. *Id.* at 449. The Tenth Circuit affirmed the district court's dismissal of the motion, concluding that the claimants "had a

remedy available to challenge the seizure at the time of the Rule 41(e) hearing. That remedy is adequate because the legality of seizure may be tested in a judicial forfeiture." *Id.* at 450. *See also United States v. One 1974 Learjet*, 191 F.3d 668 (6th Cir. 1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings.").

WHEREFORE, the United States respectfully requests that the Court deny the motion to stay civil forfeiture proceedings.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By:   /s/
      Kimberly Riley Pedersen
      Patricia Haynes
      Assistant United States Attorneys
      United States Attorney's Office
      Justin W. Williams U.S. Attorney's Building
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      Phone: 703-299-3700
      Fax: 703-299-3982
      Email Address: kimberly.riley.pedersen@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition was filed via ECF this 12th day of April, 2012, which will send a copy of such filing (NEF) to all parties.

/s/

Kimberly Riley Pedersen
Assistant United States Attorney
Attorneys for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3982
kimberly.riley.pedersen@usdoj.gov