**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:12-cr-0038 |
| v. ) | |
| ) | The Honorable Leonie M. Brinkema |
| KURAYE TAMUNOIBI AKUIYIBO, ) | Trial Date: June 18, 2012 |
| ) | Motions Hearing: June 6, 2012 |
| Defendant. ) | |

**RESPONSE TO GOVERNMENT'S OPPOSITION**
**TO DEFENDANT'S MOTION TO STAY CIVIL**
**FORFEITURE PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)(2)**

COMES NOW the defendant, KURAYE AKUIYIBO, by and through counsel, and submits his response to the government's opposition to his motion to stay civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g)(2). In support of his response, Mr. Akuiyibo provides the following:

**RELEVANT ADDITIONAL FACTS**

As noted in his initial pleading, Mr. Akuiyibo has received notices of forfeiture from the F.B.I. regarding certain assets recovered during the carrying out of various search warrants related to the above-styled matter. Included among the assets listed in the forfeiture notices is property already mentioned specifically as forfeitable in the indictment issued in this case (2006 Land Rover Range Rover HSE and 2009 Aston Martin DB9). *See* Indictment at 32. Moreover, the indictment itself also extends its reach to other forfeitable assets not named specifically in the indictment as well as substitute assets. *Id*. The forfeiture notices add additional items not specified in the indictment to include U.S. currency, watches, bracelets and other jewelry. In essence there are two groups of seized property. First, there are the two vehicles named in both

the indictment and the forfeiture notices. Second, there are specific additional items mentioned in the forfeiture notices but not named specifically in the indictment (jewelry, etc.) but that are likely within the indictment's reach as either additional forfeitable assets or substitute assets.

The instant indictment indicates that the government is seeking forfeiture pursuant to 18 U.S.C. §§ 981 (civil forfeiture), 982 (criminal forfeiture) and 2461(c).[1] The FBI forfeiture notices indicate that forfeiture is being sought pursuant to 18 U.S.C. § 981, as well as 19 U.S.C. § 1602-1619 (which does not appear to be applicable here) and 18 U.S.C. § 983 (which provides the general rules for civil forfeiture proceedings). Therefore, the U.S. Attorney's office and the F.B.I are generally proceeding under the same forfeiture statutes in an effort to take title of Mr. Akuiyibo's assets. While the government may proceed simultaneously on separate grounds for forfeiture, including civilly, administratively and criminally, it raises due process concerns when the forfeiture proceedings are occurring while the underlying criminal charges are still being litigated.

## ARGUMENT

The government's opposition does not address the situation presented in the instant case. Indeed, none of the cases cited by the government address a criminal defendant's request for a stay of civil forfeiture proceedings. Rather, each of the government's cases address proceedings seeking the return of seized property pursuant to Federal Rule of Criminal Procedure ("Fed.R.Crim.P.") 41 either during or after the initiation of administrative forfeiture proceedings.

In the first case cited in support of the government's opposition, *United States v. Ibarra*, 120 F.3d 472 (4th Cir. 1997), the issue raised was whether a district court had jurisdiction under

---

[1] While the indictment states that the forfeiture is being sought pursuant to Title 18, Section 2461(c), Mr. Akuiyibo believes this is in error as the correct statute covering forfeiture in this situation is actually found under Title 28, Section 2461 ("Mode of Recovery" of forfeitable assets).

Fed.R.Crim.P. 41(e) to return property that was currently being proceeded against administratively. Significantly, the forfeiture was purely administrative and there were no criminal charges pending or ever initiated. Ibarra failed to litigate the administrative forfeiture and instead filed for a return of property under Rule 41(e) challenging the administrative forfeiture. Thus, *Ibarra's* holding stands for the completely unremarkable position that when a litigant with no criminal charges pending related to the assets, fails to challenge the forfeiture administratively, a district court is without jurisdiction to return the property.

The second case cited by the government, *Frazee v. Internal Revenue Service*, 947 F.2d 448 (10th Cir. 1991), also addressed a court's jurisdiction in Fed.R.Crim.P. 41(e) proceedings when civil forfeiture proceedings had already commenced. Similar to *Ibarra*, it does not appear that criminal proceedings were initiated against the plaintiffs in the forfeiture matter. At a hearing for the return of property pursuant to Rule 41(e), the government announced that a Judicial Forfeiture Complaint had been filed against the relevant property thereby triggering civil forfeiture proceedings. Again, unremarkably, the district court dismissed the Rule 41(e) motion on the grounds that the civil forfeiture proceedings provided an adequate forum for the plaintiffs to litigate the forfeiture.

The last case cited by the government, *United States v. One 1974 Learjet*, 191 F.3d 668 (6th Cir. 1999) [hereinafter *Learjet*], again addressed a specific Rule 41(e) issue not relevant to the instant case. Rather, in that case, the Sixth Circuit reversed a district court's order dismissing a civil forfeiture proceeding under Rule 41(e) after the district court found that law enforcement did not have probable cause to seize the aircraft. The Sixth Circuit found that the dismissal was in error because even if probable cause did not exist, the government could still be entitled to forfeiture under the separate standards provided for in the civil forfeiture statutes. Specifically,

the court found that "[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings." *Id*. at 673.

As is evidenced by the pleadings in this case, Mr. Akuiyibo has not even attempted to invoke this Court's jurisdiction or authority under Rule 41(e). Further, Mr. Akuiyibo has not asked this Court, as the plaintiffs did in the above described cases, to return any of the property seized by law enforcement in this case. All Mr. Akuiyibo has asked, is that this Court stay the forfeiture proceedings until the conclusion of the criminal matters. Therefore, the cases cited by the government are simply not on point to the relief sought by Mr. Akuiyibo.

It cannot seriously be disputed that forfeiture proceedings as to all of Mr. Akuiyibo's seized and unseized property have already begun in the criminal case – the indictment seeks forfeiture of all assets that constitute or were derived from his alleged crimes and all substitute assets up to the value of the forfeitable property. *See* Indictment at 32. Therefore, Mr. Akuiyibo believes that judicial forfeiture proceedings against all of his property have already begun in the criminal case. He asks that those forfeiture proceedings be stayed pursuant to the specific code section designed exclusively for the present scenario – 18 U.S.C. § 981(g)(2).

Additionally, however, and out of an abundance of caution, Mr. Akuiyibo does intend to file a claim with the F.B.I. in response to their forfeiture notices.[2] Although Mr. Akuiyibo does not believe that to be necessary when criminal charges and forfeiture proceedings regarding the

---

[2] Mr. Akuiyibo will be filing those claims over his objection that requiring him to assert an interest in property seized pursuant to an ongoing criminal proceeding violates his protection against self-incrimination under the Fifth Amendment to the United States Constitution and forces him to waive one Constitutional right in order to preserve another. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) ("In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another.").

exact same items are currently pending, he cannot take the chance of defaulting on his claims.[3] Once the claims are filed with the F.B.I., the same forfeiture notices should be referred for judicial forfeiture proceedings in U.S. District Court. Following the referral, and if necessary, Mr. Akuiyibo will refile his request for a stay pursuant to 18 U.S.C. § 981(g)(2), which the Court must grant during the pendency of the criminal case.

WHEREFORE, Mr. Akuiyibo respectfully requests that the Court, pursuant to 18 U.S.C. § 981(g)(2), stay all civil forfeiture claims by the government in connection with this case until the criminal matter is resolved.

Respectfully submitted,

KURAYE AKUIYIBO,
By Counsel

/s/
Stuart Alexander Sears
Va. Bar No. 71436
ZWERLING, MOSELEY & SEARS, P.C.
114 N. Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
Stuart@zwerling.com

---

[3] In addition to frustrating a defendant's Fifth Amendment rights, a failure to stay forfeiture proceedings alleged in an indictment would also violate a defendant's right to have the forfeiture issues resolved by a jury. *See* Fed.R.Crim.P. 32.2(b)(5)(A) (providing that either party can request that "the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict").

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2012, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

        /s/
Stuart Alexander Sears
Va. Bar No. 71436
ZWERLING, MOSELEY & SEARS, P.C.
114 N. Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
Stuart@zwerling.com