IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL NO. 1:12CR038 |
| v. ) | |
| ) | Judge BRINKEMA |
| ) | |
| JENNIFER CHURCHILL ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

COMES NOW the United States of America, by and through its undersigned counsel, and responds to the defendant's motion for a bill of particulars as follows:

The defendant has moved the Court to issue an order directing the government to provide a bill of particulars specifically identifying the factual basis for the government's allegations that the defendant had knowledge that Classy DC Escorts was a prostitution enterprise, and that she committed the offense described in Count 2 of the Indictment "knowingly."

The government objects to the defendant's motion on the ground that there is no legal basis for the granting of this motion. The government has voluntarily provided, and continues to provide, evidence and information to the defendant about her guilty knowledge, characterized the nature and quality of the government's evidence against this defendant in detail beyond the allegations set forth in the indictment, set forth its theory of prosecution and some likely arguments to be made at trial. All of this is more than above and beyond what the government is legally obligated to do prior to trial. Moreover, even if this motion were granted, it is not the function of the bill of particulars to require the government to produce such information. The

government has more than met its legal obligations in this case and objects to the entry of an order directing the filing of a bill of particulars.

I.  **ARGUMENT**

Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." United States v. Duncan, 598 F.2d 839, 848 (4th Cir. 1979); United States v. Brown, 784 F. Supp. 322, 323 (E.D. Va. 1992).  Rule 7 mandates that all the essential elements of the offense be alleged, along with sufficient additional facts to allow the indictment to be used as proof to bar a subsequent prosecution for the same offense.  Duncan, 598 F.2d at 848.

Generally, an indictment that mirrors the statutory language is sufficient.  Hamling v. United States, 418 U.S. 87 (1974); United States v. Fogel, 901 F.2d 23 (4th Cir. 1990); United States v. American Waste Fibers, 809 F.2d 1044 (4th Cir. 1987); United States v. Amend, 791 F.2d 1120 (4th Cir. 1986).

Here, the defendant was charged in Count 2 of the Indictment with conspiracy to violate the Travel Act (18 U.S.C. § 1952).  Count 2 begins on page 20 of the Indictment and continues until page 23.  It incorporates by references paragraphs 1 through 28 of Count 1 of the Indictment, which alleges a money laundering conspiracy[1].  Paragrapsh 5 of the indictment sets forth the specific role of the defendant and alleges, in essence, that she worked for Classy DC Escorts and affiliated prostitution businesses run by co-defendant Asuen by receiving and editing, via electronic mail, digital images or photographs of scantily-clad women in sexually

---

[1] The defendant was not charged as part of the money laundering conspiracy, as alleged in count 1.

suggestive poses who were recruited to work as prostitutes.  The defendant digitally enhanced or altered the photographs of the women, for a fee, and then sent them back electronically to co-defendants Akuiyibo and Asuen.  The photographs that the defendant altered were posted online as advertisements for prostitution by Classy and affiliated businesses.

The language of Count 2 specifically tracks the statutory language of Title 18, United States Code, Section 1952, and alleges that beginning in and around June 2009, the defendant "did unlawfully, knowingly and unlawfully" participate in a conspiracy to commit offenses against the United States, in violation of the Travel Act.  Such offenses included "to knowingly" use, and cause others to use, facilities in interstate and foreign commerce with intent to distribute the proceeds of a business enterprise involving prostitution offenses, and thereafter did . . .aid and abet the distribution of the proceeds of a business enterprise involving prostitution offenses, and "to knowingly" use, and cause others to use, facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of a business enterprise involving prostitution offenses." (Indictment at pp. 20-21).

Beginning on page 21 of the Indictment, Count 2 alleges the commission of 17 overt acts by various members of the conspiracy.  Two of the overt acts specifically reference the defendant.  Overt act 7 refers to a specific date (July 21, 2011) that the defendant sent and received electronic communications to and from co-defendant Akuiyibo on his cellphone and outlined the nature of those communications.  This communication and others involving the defendant were intercepted on a court-authorized Title III wiretap. The communications and other evidence, including photographs, have been made available to all counsel through

discovery[2]. Overt Act 14 of Count 2 refers to an electronic communication that was made between co-defendants Akuiyibo and Asuen about the defendant on September 16, 2011.

It must be noted that the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial, but to supply any essential detail which may have been omitted from the indictment. United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974).

In a meeting at the United States Attorney's Office on April 4, 2012, two days after the filing of the instant motion, the government disclosed to defense counsel the nature and quality of the government's evidence concerning the defendant, produced, reviewed and interpreted additional email communications and photos relating to the defendant with counsel and further discussed the government's arguments and theories of guilt.

The end result of the meeting with defense counsel was basically what the defendant had previously requested in its motion for a bill of particulars: to get the government to disclose, in greater detail, its evidence and theories. Although the government contends that it was not legally required to disclose such information, it did so in the hopes of having a frank discussion with counsel in an attempt to resolve this case prior to trial. As a result, the defendant has already received from the government more than what it is entitled to under the law.

A bill of particulars is granted only where necessary to inform a defendant of the nature of the charges against him or her so as to enable him or her to prepare his or her defense, to

---

[2]Linesheets of all pertinent, intercepted electronic and wire communications in this case have been provided in discovery to all defendants. The FBI maintains the original recordings of the wire communications, which are available for review and inspection at their resident agency in Manassas, Virginia.

avoid or minimize the danger of surprise at trial, or to enable him or her to plead acquittal or conviction in bar of further prosecution for the same offense.  Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996)(citing, United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. l985)); United States v. Dulin, 4l0 F.2d 363, 364 (4th Cir. l969).  This purpose, however, as already noted, should ideally be accomplished by the indictment itself.  Duncan, 598 F.2d at 848.  It is so accomplished in this case without the necessity for a bill of particulars.  Dulin, 410 F.2d at 364.  Moreover, there can be little claim of surprise in this case where the government has essentially laid out its evidence, potential trial exhibits, theories and arguments.

     The granting or denial of a bill is within the court's discretion.  United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987); United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985); United States v. Schembari, 484 F.2d 93l, 934 (4th Cir. l973); United States v. Anderson, 48l F.2d 685, 690 (4th Cir. l973), aff'd, 4l7 U.S. 2ll (l974); Dulin, 4l0 F.2d at 364.  The court must balance the defendant's interest in disclosure against the government's general right to refuse premature disclosure of its evidence and legal theories pretrial.  United States v. Deerfield Specialty Papers, 50l F. Supp. 796, 809 (E.D. Pa. l980); United States v. Thevis, 474 F. Supp. ll7, l24 (N.D. Ga. l979), aff'd, 665 F.2d 6l6 (5th Cir. 1982).  To invoke the court's discretion, a defendant should therefore demonstrate a real need for the specifics requested, and not merely make a bare statement that such a need exists.  United States v. Dolan, ll3 F. Supp. 757, 760 (D. Conn. l953); cf. United States v. Addonizio, 45l F.2d 49, 64 (3d Cir. l97l).

     In this case, the defendant has failed to show in this motion that there is a real need for this information.  More aptly, the defendant clearly seeks to know a factual basis for the

allegation in the indictment that the defendant knowingly participated in the conspiracy and that the defendant knew that Classy was an unlawful prostitution business (Def's Mot. At 3).

Bills of particulars should be denied where underlying evidentiary matter is requested. Bills of particulars are not designed to compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed. See United States v.Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Little, 562 F.2d 578, 581 (8th Cir. 1977); United States v. Murray, 527 F.2d 401, 411 (5th Cir. 1976); United States v. Armocida, 515 F.2d 49, 54-55 (3d Cir. 1975); United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975); United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973); Addonizio, 451 F.2d at 64; United States v. Mariani, 90 F. Supp. 2d 574, 592 (M.D. Pa. 2000) (quoting United States v. Armocida, 515 F.2d at 54); United States v. Sourlis, 953 F. Supp. 568, 580 (D. N.J. 1996). United States v. Raineri, 91 F.R.D. 159, 160-61 (W.D. Wisc. 1980) (dates defendant traveled or used a facility in interstate commerce). Neither is the exact location of alleged continuing acts required to be disclosed. United States v. White, 50 F.R.D. 70 (N.D. Ga. 1970). The government is not required to separate aiders and abettors from principals liable for the criminal conduct. United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D. N.Y. 1979), accord, United States v. Feola, 651 F. Supp. 1068, 1133 (S.D. N.Y. 1987).

In a conspiracy case, it would be illogical to require the government to disclose more than it is required to allege or prove for conviction. A defendant is not entitled to pre-trial disclosure of all overt acts in furtherance of the conspiracy. United States v. Giese, 597 F.2d 1170, 1180-81 (9th Cir. 1979); Carroll, 510 F.2d at 509; Kilrain, 566 F.2d at 985; Murray, 527 F.2d at 411; Armocida, 515 F.2d at 54; United States v. Nachamie, 91 F. Supp. 2d 565, 576 (S.D. N.Y.

2000). The particulars as to the formation of, entrance into, length of membership in, or withdrawal from, a conspiracy do not need to be disclosed. United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985) (how and when conspiracy formed and entered into); United States v. Boffa, 513 F. Supp. 444, 485 (D. Del. 1980); United States v. Ostrer, 481 F. Supp. 407, 417 (S.D. N.Y. 1979)(dates joined conspiracy); United States v. Greater Syracuse Board of Realtors, 438 F. Supp. 376, 381 (N.D. N.Y. 1977) (date of withdrawal from conspiracy); United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); Kahaner, 203 F. Supp. at 84; United States v. Ahmad, 53 F.R.D. 194, 199 (M.D. Pa. 1971). The substance of conversations between co-defendants/co-conspirators need not be disclosed either. United Stats v. DePugh, 266 F. Supp. 417, 420-21 (W.D. Mo. 1967), reversed on other grounds, DePugh v. United States, 401 F.2d 346 (8th Cir. 1968). Neither do the particulars as to the conspirators who were present, participated, or knew of acts in furtherance of the conspiracy have to be disclosed. Persico, 621 F. Supp. at 868; Kahaner, 203 F. Supp. at 84-85.

Similarly, the government is not required to reveal the details of its evidence or the precise manner in which the prosecution will attempt to prove the charges alleged. See United States v. Atisha, 804 F.2d 920, 924 (6th Cir. 1986); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983); United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982); United States v. Andrews, 381 F.2d 377 (2d Cir. 1967); United States v. Yeh Hsin-Yung, 97 F. Supp. 2d 24, 36 (D.D.C. 2000); Brevard, 27 F.R.D. at 251.

A bill of particulars should not be used to compel the government to synthesize its information for, and provide a script of its evidence to, a defendant, thereby unnecessarily confining the government's evidence at trial. See United States v. Pottorf, 769 F. Supp. 1176,

1182 (D. Kan. 1991); United States v. Massiamo, 605 F. Supp. 1565, 1582 (S.D. N.Y. 1985), reversed on other grounds, 784 F.2d 153 (2d Cir. 1986); Boffa, 5l3 F. Supp. at 484-485; Deerfield Specialty Papers, 501 F. Supp. at 8l0; United States v. Leonelli, 428 F. Supp. 880, 882-83 (S.D. N.Y. l977). A defendant can synthesize information through his or her own reasonably diligent efforts. United States v. Henry, 861 F. Supp. 1190, 1197 (S.D. N.Y. 1994); United States v. Konefal, 566 F. Supp. 698, 702 (N.D. N.Y. l983); Deerfield Specialty Papers, 50l F. Supp. at 8l0; Greater Syracuse Board of Realtors, 438 F. Supp. at 38l.

In the instant matter, the defendant is attempting to seek exactly what is not required to be disclosed by the government in a bill of particulars: evidentiary material regarding the defendant's knowledge. While the defendant provides no legal authority to support the contention that the government is required to disclose such evidence, the government has already provided such information voluntarily. In addition, the government has provided, and continues to provide, more discovery in this case as it becomes available.

Where the underlying objectives of a Rule 7 motion are fully satisfied by informal and formal discovery, defendants are not also entitled to an unnecessary bill of particulars. See United States v. Dolan, 99 F.3d 1140, 1142 (6th Cir. 1996), cert. denied, 520 U.S. 1170 (1997); United States v. Society of Independent Gasoline Marketers of America, 624 F.2d 46l, 466 (4th Cir. l979); Duncan, 598 F.2d at 849; Schembari, 484 F.2d at 935; Anderson, 48l F.2d at 69l. The defendant cannot reasonably argue the need for more information to conduct her own pre-trial investigation and preparation. See United States v. Kaplan, 470 F.2d l00 (7th Cir. l972). That rationale applies equally to this case.

## II. <u>**CONCLUSION**</u>

The government submits that the present indictment discloses not only the essential facts constituting the offenses charged in Count 2, but also recites sufficient details concerning the offense and the dates of the offenses to enable the defendant to prepare any of her defenses. It is also apparent from the very detailed, thirty-five page indictment that any future charges against the defendant for the same activities described in this indictment could easily be barred by a plea of double jeopardy.

In this light, such a thoroughly detailed indictment is surely sufficient; it supplies, in accordance with FED. R. CRIM. P. 7(c)(l), all the essential facts constituting the offenses charged, along with sufficient additional facts to allow the indictment to be used as proof to bar any subsequent prosecution for the same offenses.

Likewise, the indictment is sufficiently detailed to allow the defendant to prepare her defense and avoid surprise at trial. Additional facts are also being made available to the defendant through formal and informal disclosure procedures. The additional information sought by the defendant, therefore, consists of far more than that which the law requires the government to provide pretrial in a bill of particulars. The defendant is not entitled to the court-ordered bill of particulars preview of the government's case, as requested.

For these reasons, the government asks that the defendant's motion for a bill of particulars be denied.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:  /s/_____
Kimberly Riley Pedersen
Patricia M. Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3982
Email Address: kimberly.riley.pedersen@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via ECF this 20th day of April, 2012, which will send a copy of such filing (NEF) to all parties.

By:  /s/_____
Kimberly Riley Pedersen
Patricia M. Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3982
Email Address: kimberly.riley.pedersen@usdoj.gov