**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:12-cr-0038 |
| v. ) | |
| ) | The Honorable Leonie M. Brinkema |
| **KURAYE TAMUNOIBI AKUIYIBO,** ) | Trial Date: June 18, 2012 |
| ) | Motions Hearing: June 6, 2012 |
| **Defendant.** ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE**
**IN OPPOSITION TO HIS MOTION TO DISMISS COUNTS THREE**
**THROUGH SEVEN OF THE INDICTMENT FOR IMPROPER VENUE**

COMES NOW the defendant, KURAYE AKUIYIBO, by and through counsel, and respectfully submits this reply to the government's response in opposition to his motion to dismiss Counts three through seven for improper venue. In support of his reply, defendant provides the following:

The dispute over the propriety of venue on counts 3 through 7 is an illustration of the principle that "[w]hile the venue rule - trial in the district where the crime is committed - seems straightforward, the place of the crime can be difficult to determine." *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000). "Congress can prevent some of that difficulty by including an express venue provision in a criminal statute." *Id*. However, where there is no specific venue provision, a court "must determine (1) the 'nature of the crime' [ ] (the conduct constituting the offense) and (2) the location of that criminal conduct." *Id*. at 309. The first step in beginning this inquiry is to identify the "essential elements" of the offense. *Id*. The next step, which is the critical step in this case, is to determine whether each element is a "conduct" element, or a "circumstance" element, because according to the United States Supreme Court, "only the essential *conduct* elements of an offense, not the *circumstance* elements, provide a basis for

venue." *Id*. at 310. Moreover, courts must construe venue provisions narrowly. *United States v. Johnson*, 323 U.S. 273, 276 (1944).

The government has indicated that it does not intend to proceed in this case under 18 U.S.C. § 924(c), but rather will proceed solely under 18 U.S.C. § 1952(a)(2) and/or 18 U.S.C. § 1959, which prohibit the act of committing any crime of violence "to further any unlawful activity" (§ 1952) or "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise" (§ 1959). Thus, the § 1952(a)(2) subsection contains two elements that must be established (1) the commission of a crime of violence (2) intended to further an unlawful activity. And, the § 1959 section requires proof of (1) a crime of violence (2) for the purpose of gaining entrance to or maintaining or increasing position in an enterprise. It is plain that the first of these elements constitutes an active conduct element. However, it is far less clear that the condition that such act of violence be "in furtherance of" unlawful activity or "for the purpose of" entering, maintaining or increasing a defendant's role in a racketeering enterprise, is also a conduct element.

In this case, the question over whether venue is proper on Counts 3 through 7 hinges on whether the allegation that the crimes of violence and firearm counts were "in furtherance of" or, "for the purpose of" establishing a defendant's role, in a travel act conspiracy (i.e. the "unlawful activity") that occurred at least in part in the Eastern District of Virginia. The government acknowledges that no crime of violence or firearm offense occurred in this District. However, it asserts that venue is proper in the Eastern District of Virginia because the underlying travel act conspiracy involved acts carried out in this District. In short, the government believes that because it must establish the underlying travel act conspiracy (i.e. the "unlawful activity") in

order to sustain its burden on Counts 3 through 7, it follows that it may bring the case anywhere that such "unlawful activity" transpired.

What is notably absent from the government's analysis is a discussion of whether the disputed element in this case constitutes a circumstance element or a conduct element. The government cites a legion of authority in support of its assertion that "venue has been found proper in numerous other cases where, as here, the crime of violence did not even take place in the charging district." However, what the government overlooks is that its authority involves statutes, unlike the instant statute, in which there was an active conduct element, other than the act of violence, that occurred in the charging jurisdiction.

For instance, the government cites to numerous cases where courts evaluated venue in 18 U.S.C. § 924 prosecutions (use of a firearm offenses). In each case, the § 924 charges involved two active conduct elements (1) use of a firearm (2) while engaging in a violent offense or drug trafficking offense. In each of the cases cited by the government, at least some portion of the act of violence or trafficking offense occurred in the prosecuting district. The question to be resolved, then, was whether it was appropriate to prosecute the § 924 charges in any district where the underlying crime of violence began, continued or ended, even if the firearm was not possessed in the prosecuting district. And the courts uniformly concluded that because at least one of the active conduct elements occurred in the charging district, it was unnecessary that both active conduct elements of use and violence be established in that district. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 282 (1999).

Defendant does not dispute that venue for the firearm charges in the instant indictment are proper in any jurisdiction where the underlying crimes of violence occurred. However, the instant indictment presents a much different scenario than the cases cited by the government

because neither of the alleged crimes of violence began, continued or ended in the Eastern District of Virginia. They occurred entirely in Washington, D.C., and Maryland, respectively. The government recognizes this distinction, but argues that venue is proper in the Eastern District of Virginia because acts related to the travel act conspiracy carried out by the defendant or his co-conspirators occurred in part here. Where the government and the defendant diverge, is on the question of whether the intent to further the travel act conspiracy in Virginia constitutes a "conduct" element.

Defendant argues that because the element of "furthering" the travel act conspiracy is an intent element and not an action element, the holding in *Jefferson*[1] requires dismissal of Counts 3 through 7 because the intent to further the travel act conspiracy provides at most only the *mens rea* for the crimes of violence and firearm counts and, therefore, is not the *actus reus* punished by the relevant statutes. Even though it addressed wire fraud, the *Jefferson* court's reasoning applies equally to the instant case because it is the physical acts carried out by defendant that are criminalized under Counts 3 through 7, not the fact that there may have been an underlying travel act conspiracy. *See Jefferson*, at *30 ("It is the physical act of transmitting the wire communication for the purpose of executing the fraud scheme that creates a punishable offense, not merely 'the existence of a scheme to defraud.'").

The wording of the charges brought in Counts 3 through 7 are vital to this Court's venue analysis. As mentioned previously, the cases cited by the government alleged the use of firearms "during" or "while engaged in" the underlying crime of violence or trafficking offense, and in those cases, at least some portion of the underlying crime of violence occurred in the prosecuting district. That is not the case here and the government has not suggested that any part of the

---

[1] *United States v. Jefferson*, ___ F.3d ___, No. 09-5130, 2012 WL 990234 (4th Cir. Mar. 26, 2012).

crimes of violence alleged in Counts 3 through 7 occurred in the Eastern District of Virginia. Here, the charges allege crimes of violence and firearm offenses intended "to further" the travel act conspiracy. The fact that the travel act conspiracy occurred at least in part in this district is, as the underlying scheme to defraud was in *Jefferson*, irrelevant to this court's venue analysis. The "*intent to further*" the travel act conspiracy language in § 1952(a)(2) is nearly identical in meaning, and the § 1959 "for the purpose of" language *is* identical, to the language the government relied on in *Jefferson* to support venue in the Eastern District of Virginia: "[w]hoever…transmits or causes to be transmitted by means of wire…*for the purpose of executing* the scheme or artifice…." 18 U.S.C. § 1343. The *Jefferson* court roundly rejected the government's argument that the requirement to establish the underlying scheme and the purpose to execute it, permitted venue in the Eastern District of Virginia.

Venue is only appropriate where the acts committed "in furtherance of" or "for the purpose of executing" the underlying conduct actually happened. That is so because the "purpose to execute" or the "intent to further" elements are intent elements, not action elements. *See United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) ("in furtherance of" relates to the *intent* of the drug trafficker); *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009) (whether a firearm was possessed in furtherance of a drug offense "turns on the intent of the defendant"). As such they merely constitute a necessary circumstance that must exist in order for the *actus reus* to give rise to liability under the specific criminal code section. In this case, the action of committing an act of violence is only criminalized under §§ 1952 and 1959 if such action occurs in the contextual circumstance of a desire to further a criminal enterprise. Such desires do not, as *Jefferson* teaches, themselves constitute conduct elements. As such, venue is inappropriate in the Eastern District of Virginia for counts 3 through 7.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court or that may develop at hearing a on this motion, Mr. Akuiyibo respectfully requests that this Honorable Court grant his request and dismiss Counts 3 through 7 of the current indictment.

        Respectfully submitted,

        KURAYE AKUIYIBO,
        By Counsel

        _____/s/_____
        Stuart Alexander Sears
        Va. Bar No. 71436
        ZWERLING, MOSELEY & SEARS, P.C.
        114 N. Alfred Street
        Alexandria, Virginia 22314
        Ph: 703-684-8000
        Fax: 703-684-9700
        Stuart@zwerling.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2012, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

/s/
Stuart Alexander Sears
Va. Bar No. 71436
ZWERLING, MOSELEY & SEARS, P.C.
114 N. Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
Stuart@zwerling.com