**IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:12-cr-0038 |
| v. ) | |
| ) | The Honorable Leonie M. Brinkema |
| KURAYE TAMUNOIBI AKUIYIBO, ) | Trial Date: June 18, 2012 |
| ) | Motions Hearing: June 6, 2012 |
| Defendant. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
IN OPPOSITION TO HIS MOTION FOR SEVERANCE
TO OBTAIN EXCULPATORY TESTIMONY**

COMES NOW the defendant, KURAYE AKUIYIBO, by and through counsel, and respectfully submits this reply to the government's response in opposition to his motion for severance to obtain exculpatory testimony.

As previously stated, defendant seeks severance in order to obtain the testimony of his co-defendant, Otasowie Asuen, regarding defendant's alleged use of a firearm during the commission of a crime of violence against an unindicted co-conspirator ("UCC"). Since the filing of his initial severance motion, the government has indicated that it will no longer be pursuing the firearm charges against Mr. Akuiyibo. The government's welcomed decision does reduce the need and importance of Asuen's testimony. However, and as the government provides, Asuen's testimony is still relevant to the accusation that the defendant used, brandished or displayed a dangerous weapon during the assault. For that reason, and because Asuen would testify that Mr. Akuiyibo never used, brandished or displayed a dangerous weapon, Mr. Akuiyibo submits that severance is still required. This remaining factual question that will arise at trial, could be the difference between a sentencing range of zero to twenty (20) years if the

dangerous weapon was used or zero to five (5) years if the jury finds that a dangerous weapon was not used.

In addition to arguing the diminished importance and relevance of Asuen's testimony, the government argues, correctly, that defendant must make a more definitive showing that Asuen would in fact testify at Mr. Akuiyibo's trial, regardless of whether Asuen was tried first or second. Although Mr. Akuiyibo believes Asuen would agree to do just that, it may be appropriate for the Court to question Asuen directly at the time of the hearing on this motion. The government and/or the defendant can assure Asuen's presence at the motions hearing in order to permit the Court the opportunity to gauge Asuen's intentions.

WHEREFORE based on the foregoing reaons and any others that may appear to this Court or that may arise at a hearing on this motion, Mr. Akuiyibo respectfully requests that this Honorable Court grant his motion and sever co-defendant Asuen.

Respectfully submitted,

KURAYE AKUIYIBO,
By Counsel

             /s/
Stuart Alexander Sears
Va. Bar No. 71436
ZWERLING, MOSELEY & SEARS, P.C.
114 N. Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
Stuart@zwerling.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2012, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

                                                /s/
                                      Stuart Alexander Sears
                                      Va. Bar No. 71436
                                      ZWERLING, MOSELEY & SEARS, P.C.
                                      114 N. Alfred Street
                                      Alexandria, Virginia 22314
                                      Ph: 703-684-8000
                                      Fax: 703-684-9700
                                      Stuart@zwerling.com