IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:12CR038 |
| ) | |
| KIANA CHERRIE MCKELVIN, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. From in and around June 2009 through on or about January 25, 2012, in the Eastern District of Virginia and elsewhere, defendant KIANA CHERRIE McKELVIN did unlawfully, knowingly and unlawfully combine, conspire, confederate and agree with Kuraye Tamunoibi Akuiyibo (a/k/a "G," a/k/a Gerald), Otasowie Christopher Asuen (a/k/a Otas, a/k/a Gene), Alafaka Patience Opuiyo(a/k/a Amy, a/k/a Tracy), Nassim Tabatabai (a/k/a Naz), Jennifer Churchill (a/k/a Jennifer Nukul) and others to commit the following offenses against the United States:

(a) to knowingly travel, and cause others to travel, in interstate and foreign commerce with intent to distribute the proceeds of an unlawful activity, to wit, a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421, and thereafter did distribute, attempt to distribute, and aid and abet the distribution of the proceeds of a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421;

(b) to knowingly use, and cause others to use, facilities in interstate and foreign commerce with intent to distribute the proceeds of an unlawful activity, to wit, a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421, and thereafter did distribute, attempt to distribute, and aid and abet the distribution of the proceeds of a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421;

(c) to knowingly travel, and cause others to travel, in interstate and foreign commerce with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of any unlawful activity, that is, a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421, and did promote, manage, establish, carry on and facilitate a business enterprise involving prostitution offenses; and

(d) to knowingly use, and cause others to use, facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of any unlawful activity, that is, a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 2421, and did promote, manage, establish, carry on and facilitate a business enterprise involving prostitution offenses.

2. During the course of the conspiracy, the defendant knew and was aware that the co-conspirators were involved in the interstate transportation of women for the purposes of prostitution on behalf of CLASSY DC ESCORTS (hereafter, CLASSY), a business enterprise involving prostitution offenses.

3. During the conspiracy, defendant McKELVIN was the "call taker" or "scheduler"

who answered the telephones for CLASSY. Defendant McKELVIN scheduled "dates" for the women working as prostitutes for CLASSY to have sexual relations with various customers ("johns") for money. Defendant McKELVIN was responsible for advising the clients of the hourly fees for the CLASSY prostitutes and confirming whether the "dates" would be "in-call" or "out call."

4. As the "call-taker" or "scheduler," Defendant McKELVIN also screened the "johns" to confirm they were not law enforcement by directing them to send her a blank email from their work account or by confirming that they were an existing CLASSY customer, or a customer from an affiliated prostitution business.

5. After booking the "dates" with the CLASSY prostitutes, defendant McKELVIN directed the "johns" where and when to meet the prostitutes at area hotels. Defendant McKELVIN was responsible for keeping track of which CLASSY prostitutes were meeting customers at area hotels and how many "dates" they had each day.

6. Defendant McKELVIN also calculated the amount of money that the CLASSY prostitutes owed to CLASSY each night, as part of their 60/40 percentage split.

7. At the direction of Kuraye Akuiyibo, the owner/operation of CLASSY, defendant McKELVIN directed the interstate collection of cash proceeds from the CLASSY prostitutes every night. Defendant McKELVIN regularly communicated with Akuiyibo, either electronically or by cellphone, to confirm that she had remitted the prostitution proceeds back to him.

8. On or about December 20, 2011, within the Eastern District of Virginia, and elsewhere, defendant McKELVIN directed the collection of prostitution proceeds on behalf of CLASSY.

9. On or about December 21, 2011, within the Eastern District of Virginia, and elsewhere, defendant McKELVIN directed the collection of prostitution proceeds on behalf of CLASSY.

10. On or about December 22, 2011, within the Eastern District of Virginia, and elsewhere, defendant McKELVIN directed the collection of prostitution proceeds on behalf of CLASSY.

11. From on or about December 20, 2011, through on or about December 22, 2011, within the Eastern District of Virginia, and elsewhere, defendant McKELVIN booked "dates" for the following prostitutes who were advertised on the CLASSY website: Blake, Kandace, Lyssa, Brina, Cassidy, Julia, Nikkie and Sierra. Defendant McKELVIN also directed the collection of prostitution proceeds from those women and remitted the cash to Kuraye Akuiyibo.

12. The acts taken by the defendant, KIANA CHERRIE McKELVIN, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that she is obligated under her plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: *Kimberly R. Pedersen*
Kimberly R. Pedersen
Assistant United States Attorney
Patricia Haynes
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, KIANA CHERRIE McKELVIN, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Kiana Cherrie McKelvin
Defendant

I am Kiana Cherrie McKelvin's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
John Boneta, Esquire
Attorney for Defendant