IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12CR38 |
| | ) | |
| NASSIM TABATABAI, | ) | |
| | ) | |
| Defendant. | ) | |

IN OPEN COURT

MAY 1 5 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

STATEMENT OF FACTS

The parties stipulate that the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.      Between on or about March 2, 2011, and on or about March 4, 2011, in the Eastern District of Virginia and elsewhere, the defendant, NASSIM TABATABAI, did unlawfully, knowingly and for the purposes of evading the reporting requirements of Title 31, United States Code, Section 5313(a), structure a transaction with a domestic financial institution, and cause and attempt to cause such institution to fail to file a Currency Transaction Report (CTR), required by Section 5313 for currency transactions of $10,000 or greater. Specifically, during this time period, NASSIM TABATABAI possessed $10,000 or more in cash and determined to deposit the cash into her Bank of America account ending in 8806 in a manner that would prevent the bank from filing a CTR. To do so, NASSIM TABATABAI deposited cash into her account ending in 8806 at the Bank of America on three consecutive days in amounts just under the $10,000 reporting requirement, in violation of Title 31, United States Code, Section 5324(a)(3).

2.      The Bank of America is a domestic financial institution involved in transactions

for the payment, receipt and transfer of United States coin and currency. Pursuant to Title 31, United States Code, Section 5113, and regulations implemented pursuant to that section, the Bank of America is required to report currency transactions (i.e., a deposit or withdrawal) with a customer in amounts of $10,000 or greater to the Internal Revenue Service (IRS) on Form 4789 (CTR). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling $10,000 or more during any one business day.

3.      On March 1, 2011, in Fairfax, Virginia, within the Eastern District of Virginia, the defendant opened an account with Apple Federal Credit Union for $20.00 in order to apply for a used automobile loan to purchase a 2009 Aston Martin in excess of $100,000 on behalf of her boyfriend Kuraye Akuiyibo.

4.      On or about March 2, 2011, in New York, the defendant opened a personal checking account ending in 8806 at the Bank of America to assist in the purchase of a 2009 Aston Martin. At the time the defendant opened the account, she was in possession of $10,000 in cash that she had received from Akuiyibo to purchase the Aston Martin.

5.      On or about March 2, 2011, the defendant deposited $9,900 in cash, of the $10,000 that she brought to the bank and had received from Akuiyibo into her Bank of America account ending in 8806.

6.      On or about March 3, 2011, the defendant deposited $9,900 in cash, that she received from Akuiyibo, into her Bank of America account ending in 8806.

7.      On or about March 4, 2011, the defendant deposited $9,800 cash that she received from Akuiyibo, into her Bank of America account ending in 8806.

8.      As of March 2, 2011, when she opened her account ending in 8806 at the Bank of America, the defendant was aware that banks had to report cash transactions involving $10,000 or more to the IRS.  The defendant knowingly made a series of cash deposits into her Bank of America account ending in 8806 on three consecutive days, in amounts just under the $10,000 reporting requirement, with the intent to evade the bank's reporting requirements to the IRS.

9.      The defendant deposited a total of approximately $29,600 in cash, that she received from Akuiyibo, into her Bank of America account ending in 8806 in order to make it appear as if she had sufficient, legitimate funds to purchase a 2009 Aston Martin.

10.     On or about March 4, 2011, the defendant caused a wire transfer, in the amount of $29,455 to be made from her Bank of America account ending in 8806 into her Apple Federal Credit Union account in the Eastern District of Virginia.

11.     On or about March 4, 2011, the defendant also caused a wire transfer, in the amount of $4,600 to be made from her Citibank account ending in 8480 into her Apple Federal Credit Union account.

12.     On or about March 5, 2011, Akuiyibo  electronically applied for a used automobile loan in the amount of $85,945, in the defendant's name, to purchase a 2009 Aston Martin (VIN ending in 10894) through Apple Federal Credit Union.

13.     On or about March 5, 2011, under the direction of Akuiyibo, the defendant knowingly made a false statement on her used automobile loan application to Apple Federal Credit Union that her income was $17,750.83 per month.

14.     On or about March 5, 2011, defendant TABATABAI caused Apple Federal

Credit Union to fund a used automobile loan in the amount of $85,945, and caused Apple Federal Credit Union to generate an official check in the amount of $120,000 for the purchase of a 2009 Aston Martin (VIN ending in 10894).

15.    In order to complete the loan process, Apple Federal Credit Union asked the defendant to fill out IRS Form 4506 (a request for transcript of tax return) to verify her income and other information. The defendant declined to fill out the IRS Form 4506. Upon further consideration, Apple Federal Credit Union determined not to process the loan without IRS Form 4506. Thereafter, the defendant returned to Apple Federal Credit Union the official check for $120,000 that she had previously received from them.

16.    On or about March 21 , 2011, in Maywood, New Jersey, defendant TABATABAI purchased a different 2009 Aston Martin DB9 (VIN SCFAD01EX9GA12409) for $136,175, in her own name, for her boyfriend, Kuraye Akuiyibo, in part with the cash deposits that she structured into her Bank of America account ending in 8806.

The acts taken by the defendant, NASSIM TABATABAI, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case..

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: *Kimberly R. Pedersen*

Kimberly R. Pedersen
Assistant United States Attorney
Patricia Haynes
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, NASSIM TABATABAI, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Nassim Tabatabai
Defendant

I am Nassim Tabatabai's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Kobie Flowers, Esquire
Christopher Mead, Esquire
Attorney for Defendant