IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO. 1:12CR038 |
| v. | ) | |
| | ) | Judge Brinkema |
| | ) | |
| ALAFAKA PATIENCE OPUIYO | ) | Sentencing: July 26, 2012 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Kimberly R. Pedersen and Patricia Haynes, Assistant United States Attorneys, in

accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines

Manual, §6A1.2, files this Position of the United States With Respect to Sentencing in the instant

case.  The United States submits that the Sentencing Guidelines are appropriately calculated and

establish a reasonable sentencing range that accounts for each of the factors set forth in 18

U.S.C. § 3553(a), and requests that this Court impose a sentence within the Guideline range,

which is 30-37 months, as calculated in the Presentence Report.[1]

**Facts**

Defendant Alafaka Opuiyo worked for Classy DC Escorts (Classy) as the primary

scheduler and call-taker.  As the call-taker, Opuiyo scheduled one-hour "dates" for the clients

with the Classy prostitutes.  While answering the phone and receiving text messages for Classy,

---

[1] This includes an appropriate one-level additional reduction under §3E1.1(b) for timely
notifying the Government of her intention to enter a guilty plea.

Opuiyo  was responsible for advising the clients of the hourly fees, "screening" the clients to make sure they were not law enforcement, booking the dates and times for the appointments, communicating with the clients and prostitutes about the hotel location and room number for each date and coordinating the nightly pick-up of the prostitution proceeds.

Based on the volume of telephone calls and text messages intercepted during the investigation of this case, along with a review of various business records and statements of the co-conspirators, Classy was a very busy prostitution business that booked one-hour "dates," 24 hours a day, seven days a week.

In the spring of 2011, when one of the Classy employees stopped making the nightly cash collection, Opuiyo stepped in to take over that role as well.  According to the former employee, and law enforcement surveillance, that job was an exhausting, late-night endeavor that lasted into the early hours of the morning because of the multiple stops at numerous hotels in Washington, D.C., Maryland and Virginia, and then to various bank branches to deposit thousands of dollars in cash.  The amount of cash proceeds generated by Classy's prostitution business was estimated to be in excess of $4,000,000 over a two year period from 2009 through 2011.  Beginning in the spring of 2011, the defendant personally deposited thousands of dollars each night into numerous bank accounts controlled by Kuraye Akuiyibo, hand delivered bulk cash to other criminal associates and concealed thousands of dollars in cash at her apartment.

Opuiyo was a trusted and highly valued employee who did her jobs extremely well and who was entrusted by Classy's owner, Kuraye Akuiyibo, with holding onto tens or hundreds of thousands of dollars of his cash profits.  However, at one point in time in late 2009 or early 2010, Akuiyibo fired Opuiyo because of the way she dealt with some of Classy's clients.  Afterwards,

Opuiyo launched her own prostitution business, Capitol Treasures, despite the fact that she had been arrested for prostitution in Baltimore in January 2009 and was on 18 months probation. In March 2010, the defendant was again confronted by Montgomery County, Maryland police for running a prostitution business. While she was not arrested at that time, it appears that neither encounter with law enforcement affected her ability or willingness to engage in prostitution activity, as she resumed working with Classy in March 2010.

### Argument

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).

The sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765, and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by

3

the Sentencing Guidelines and by the provisions of § 3553(a)." *United States v. Green*, 2006 WL 267217, *5 (4th Cir. 2006). That being said, a sentence imposed within the properly calculated Sentencing Guidelines range is presumptively reasonable. *Id*. A district court's reasons for not applying the properly calculated Sentencing Guidelines range must be based on the statutory sentencing factors. *Id*.

I.    **The Guidelines Range is Appropriate and Reasonable in Light of the Defendant's Criminal Conduct.**

Given the facts of this case, the Guidelines range of 30-37 months imprisonment is appropriate and reasonable. The defendant's involvement with Classy DC Escorts was extensive, spanning several years from 2009 through her arrest in January 2012. During this time, Classy's business operations grew rapidly and earned a reputation in the D.C. metropolitan area as one of the three largest prostitution agencies. The defendant was the day-to-day manager and operator of this extensive criminal enterprise and took upon the very significant roles of scheduler, and later, at the end, cash collector and money launderer.

II.    **A Sentence Within the Guidelines Range Would Provide Appropriate and Reasonable Deterrence.**

A sentence within the Guidelines range is appropriate and necessary to provide the requisite level of deterrence to the defendant and others who might not view the collection and laundering of the proceeds of crime as a serious offense. 18 U.S.C. § 3553(a)(2)(B). The defendant's jobs were critical to the success of the Classy DC organization, because without an effective scheduler, the business would fail, and without the timely collection and laundering of illicit proceeds, the profitability of the criminal enterprise diminishes and/or is made more

apparent to law enforcement.  Here, the defendant benefitted from her involvement in criminal

activity, as it was her full-time job and her sole means of financial support.

**Conclusion**

The United States submits that a sentence within the Guidelines range is reasonable and

accounts for each of the factors set forth in 18 U.S.C. § 3553(a).  The United States therefore

asks this Court to impose a sentence at the low end of the guidelines range.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By:     _____/s/_____
Kimberly Riley Pedersen
Patricia M. Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Bar No. 49038
Phone:  703-299-3700
Fax: 703-299-3982

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was filed via ECF this 19th day of

July, 2012, which will send a copy of such filing (NEF) to all parties.

By:    _____/s/_____

Patricia M. Haynes
Kimberly R. Pedersen
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Bar No. 49038
Phone:  703-299-3700
Fax: 703-299-3982