IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>Alafaka Patience Opuiyo )<br>       Defendant )<br>_____) | CRIMINAL No. 1:12CR31-003<br><br>Sentencing Date: July 27, 2012<br><br>The Honorable Leonie M. Brinkema |

## POSITION OF THE DEFENSE
## ON SENTENCING

In accordance with this Court's policy regarding guideline sentencing and §6A1.2 of the United States Sentencing Guidelines and Policy Statements, Counsel for the Defendant hereby represents that he and his client have reviewed the Probation Officer's report and that there are no objections to the calculation of sentencing factors. The Defendant agrees that the Offense Level Total is 18 with a Criminal History Level of II, resulting in a Guideline Range of 30 to 37 months. However, Counsel for the Defendant asserts that while this calculation is technically correct, there are significant grounds for the Court to depart from the Guidelines pursuant to §4A1.3; a discussion of the issue is included below.

Furthermore, it is our contention that the Guideline Range is not an appropriate measure of the Defendant's culpability in this case. Under recent decisions of the United States Supreme Court, *see, e.g., Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); Pepper v. United States 131 S.Ct. 1229 (2011); Williams v. New York 337 U.S. 241 (1949)* and the United States Court of Appeals for the Fourth Circuit, *see, e.g., United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)*; we believe that other considerations exist that demand a lower sentence than that suggested by the Sentencing Guidelines.

**Criminal History Calculation**

In calculating the Defendant's Criminal History Category, the Probation Officer notes one applicable conviction – the April, 2009 misdemeanor prostitution case outlined in Paragraph 89 on pages 29 and 30 – for which the Defendant is assessed one Criminal History Point. Finding that the Defendant committed the instant offense while under any criminal justice sentence, the Probation Officer assessed two additional Criminal History Points, resulting in a Criminal History Category of II. We respectfully assert that this drastically overstates the Defendant's criminal history by giving her the same Criminal History Category she would have if she had been convicted of bank robbery and sent to prison for more than 13 months.

On April 6, 2009, Ms. Opuiyo appeared with counsel to answer a misdemeanor prostitution charge in Baltimore, Maryland. Though she and her attorney agreed that the State of Maryland had sufficient facts to find her guilty, the trial court never entered a final judgment convicting her of the crime, and Ms. Opuiyo was never convicted by the Baltimore County District Court. Choosing instead to hold her case under advisement, the trial court ordered her to complete a period of unsupervised probation before judgment and scheduled the case for dismissal on October 6, 2010. The only condition of probation was that she pay $207.50 in fines and costs.

Though the Sentencing Guidelines count this as an ordinary conviction under §4A1.2(f) as a "diversionary disposition resulting from a finding or admission of guilt," it is difficult to support using it to further enhance her Criminal History by two points under §4A1.1(d). Looking at the Application Notes to §4A1.1(d) of the Sentencing Guidelines, "a 'criminal justice sentence' means a sentence countable under §4A1.2… having a custodial or supervisory component, although active supervision is not required for this subsection to

apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." It is our contention that this offense cannot be used to enhance the Defendant's Criminal History under §4A1.1(d) because the trial court didn't impose any custodial or supervisory component.

Furthermore, imposing three Criminal History Points for this offense would result in the Defendant having the same Criminal History Category as someone convicted of a violent felony and imprisoned for thirteen months or more. *See, e.g.,* §4A1.1(a) and §4A1.2. As Ms. Opuiyo was never actually convicted of a crime by the Baltimore County District Court and was never subject to any sort of custodial or supervisory sentence, this disparity is patently unfair. Looking again at the Application Notes to §4A1.1, the Commission notes that: "there are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure however, §4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances." It is our contention that this is one of those circumstances.

It is worth noting that this misdemeanor prostitution offense would normally be excluded from the calculation pursuant to §4A1.2.(c)(1), and is only counted because it resulted in a period of probation of more than one year and is similar in nature to the instant offense.

Rather than order an unfair sentence, we respectfully ask the Court to find that she is more properly considered to have a Criminal History Category of I and a Guideline Range of

27-33 months as the criminal history calculation scheme promulgated by the Sentencing Guidelines Commission overstates her actual criminal history.

**Post-Arrest Rehabilitation**

While the Defendant stands before this Court for sentencing because she engaged in a conspiracy to promote commercial sex acts and launder the proceeds thereof, she has made significant changes in her life since her arrest.

Following her release on pretrial services supervision, she has done everything she can to assist the government in her own prosecution and punishment while actively seeking to improve herself. Having withdrawn from criminal activity, Ms. Opuiyo looked for a new career and has found great success in bartending and catering. After putting herself through bartending school earlier this year, she has obtained regular employment with several businesses and works extremely hard and long hours to replace the income she used to make with Classy DC Escorts. In addition, she is a college-educated communications professional and continues to operate her own public relations business on a part-time basis, serving non-profit organizations.

Though the Sentencing Guidelines do not take this sort of post-arrest rehabilitation into account, her hard work and dedication have made her into the rare criminal defendant who manages to maintain a positive monthly cash flow and an ability to pay a moderate fine. we respectfully submit that it is exactly the kind of rehabilitation a sentencing court should consider, as affirmed by the United States Supreme Court in *Pepper v. United States 131 S.Ct. 1229 (2011)*.

**Considerations under 18 U.S.C. §3553(a)**

The Defense respectfully argues that a sentence of 27 months, the low end of the Guideline Range at Criminal History Category I, is far more than sufficient to account for all of the factors listed in 18 U.S.C. §3553(a). As we argued above, the criminal history calculation simply overstates the Defendant's actual criminal history as it treats her exactly the same way it treats a convicted bank robber, and it does do by including a crime that she was never actually convicted of.

Ms. Opuiyo stands before this Court because she engaged in a conspiracy to promote commercial sex acts and launder the proceeds thereof. Since her arrest, however, she has cooperated fully with law enforcement and supported herself through legitimate, law-abiding work, showing that incarceration is simply not required to provide her with rehabilitation, vocational or educational services and that the public need not fear that she will turn to a life of crime in the future. It is our position that 27 months is far more than necessary to reflect the seriousness of the offense, and that a significant period of probation would be enough to promote respect for the law and provide just punishment, while providing both general and specific deterrence. If the Court feels that incarceration is necessary, we respectfully submit that a sentence of 10 months with half of that term served in home detention or community confinement pursuant to §5C1.1(d)(2) would be more than adequate.

**Conclusion**

In conclusion, the Defense respectfully argues that the 30-37 month Guideline Range calculated by the Probation Officer, while correct, overstates her criminal history and is far more time than necessary to address all the aims of 18 U.S.C. §3553(a). We ask that the Court sentence Ms. Opuiyo to a term of probation with whatever other terms the Court finds

to be appropriate. If the Court does feel that a period of incarceration is necessary, we ask that the Court order the Defendant to serve a period of 10 months with half of that term served in home detention or community confinement pursuant to §5C1.1(d)(2), and ask the Bureau of Prisons to designate her to serve her sentence at FCI Alderson.

Respectfully Submitted,

_____/S/_____
Ronald L. Hiss, Esquire
Virginia State Bar Number 38104
Attorney for the Defendant
2020 North 14th Street
Suite 150
Arlington, Virginia 22201
(703) 524-4477 telephone
(703) 524-5283 facsimile
RonHiss@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of July, 2012, an exact copy of the foregoing Position of the Defense with Respect to Sentencing Factors was filed with the Clerk of the Court using the CM/ECF system, causing a Notice of Electronic Filing to be served upon:

Kimberly Riley Pedersen, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Kimberly.Riley.Pedersen@usdoj.gov

Copies of this document have been forwarded to the following non-filing users:
By e-mail:
    Karen Moran
    Senior United States Probation Officer
    United States Probation Office for the Eastern District of Virginia
    401 Courthouse Square
    Alexandria, Virginia 22314
    (703) 299-2306 telephone
    Karen_Moran@vaep.uscourts.gov

By personal service:
    Alafaka Patience Opuiyo
    Defendant

                                            _____/S/_____
                                            Ronald L. Hiss, Esquire.
                                            Virginia State Bar Number 38104
                                            Attorney for the Defendant
                                            2020 North 14th Street
                                            Suite 150
                                            Arlington, Virginia 22201
                                            (703) 524-4477 telephone
                                            (703) 524-5283 facsimile
                                            RonHiss@aol.com