IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | CRIMINAL NO. 1:12CR038 |
| v. | ) | |
| | ) | Judge Brinkema |
| | ) | |
| KURAYE TAMUNOIBI AKUIYIBO | ) | Sentencing: August 2, 2012 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Kimberly R. Pedersen and Patricia Haynes, Assistant United States Attorneys, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual, §6A1.2, files this Position of the United States With Respect to Sentencing in the instant case. The United States submits that the Sentencing Guidelines are appropriately calculated and establish a reasonable sentencing range that accounts for each of the factors set forth in 18 U.S.C. § 3553(a). In accordance with the Plea Agreement, the government requests that this Court impose a sentence at the low end of the Guideline range, which is 51 - 63 months as calculated in the Presentence Report.[1]

**Facts**

Kuraye Akuiyibo established, owned, and operated Classy DC Escorts, an internet prostitution business that operated in the Eastern District of Virginia, Maryland, and the District

---

[1] This includes an appropriate one-level additional reduction under §3E1.1(b) for timely notifying the Government of her intention to enter a guilty plea.

of Columbia. Akuiyibo recruited women to travel in interstate and foreign commerce to work as prostitutes, and used facilities in interstate commerce to distribute and enjoy the proceeds of his prostitution business. Akuiyibo commited several acts of violence against prostitutes who had either left or were planning to leave his employ, and he beat an associate who he believed was planning to start his own prostitution business.

Since late 2008, over 100 women have worked as prostitutes for Classy, which was one of the three largest prostitution businesses in this area. Between 2009 and 2011, the Classy operation's gross revenue was roughly $4,000,000.

**Argument**

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).

The sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765, and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *United States v. Green*, 2006 WL 267217, *5 (4th Cir. 2006). That being said, a sentence imposed within the properly calculated Sentencing Guidelines range is presumptively reasonable. *Id*. A district court's reasons for not applying the properly calculated Sentencing Guidelines range must be based on the statutory sentencing factors. *Id*.

### I. The Guidelines Range is Appropriate and Reasonable in Light of the Defendant's Criminal Conduct.

Given the facts of this case, the Guidelines range of 51 - 63 months imprisonment is appropriate and reasonable. The defendant created and operated a large and successful internet-based prostitution business which employed over 100 women and grossed over $4,000,000. Although the defendant's use of violence was sparing, he nonetheless resorted to violence when he deemed it necessary to protect and promote his agency.

### II. A Sentence Within the Guidelines Range Would Provide Appropriate and Reasonable Deterrence.

A sentence within the Guidelines range is appropriate and necessary to provide the requisite level of deterrence. 18 U.S.C. § 3553(a)(2)(B). Operating an illegal prostitution business can be a highly lucrative endeavor. The defendant profited enormously from the Classy operation, and lived a flashy lifestyle outfitted with high-end cars, jewelry and watches. A sentence within the guidelines range would deter others who might consider opening such a business, and it would discourage acts of violence against prostitutes and workers. Operators of

prostitution businesses understand that the prostitutes they hire are highly reticent to report any acts of violence by the agency owners out of fear of facing prosecution themselves. A sentence within the guideline range would likely deter others from opening these businesses and could help suppress the violence that often accompanies them.

### III. A Sentence Within the Guidelines Range Will Not Result in Disparate Sentences.

The only comparable co-defendant to have been sentenced thus far is Alafaka P. Opuiyo, who faced a guideline sentence of 30 - 37 months, and was sentenced by the Court to 20 months.[2] Although Opuiyo's role in the offense was very significant to the successful operation of the organization, her role was much more limited than that of Akuiyibo, who singlehandedly created Classy DC. Sentencing Akuiyibo to a sentence within the guideline range would appropriately account for his conduct and would not result in disparate sentences.

---

[2] Co-defendant Jennifer Churchill pled guilty to a copyright violation and received no jail time. However, 18 U.S.C. § 3553(a)(6) refers to the need to avoid unwarranted sentence disparities among defendants with similar records *who have been found guilty of similar conduct.*

**Conclusion**

The United States submits that a sentence within the Guidelines range is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a). The United States therefore asks this Court to sentence Kuraye Akuiyibo to a sentence at the low end of the guideline range.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:    /s/
Kimberly Riley Pedersen
Patricia Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Bar No. 49038
Phone: 703-299-3700
Fax: 703-299-3982

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via ECF this 27th day of July, 2012, which will send a copy of such filing (NEF) to all parties.

By:     /s/
Patricia Haynes
Kimberly R. Pedersen
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Bar No. 49038
Phone: 703-299-3700
Fax: 703-299-3982