IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO. 1:12CR038 |
| v. | ) | |
| | ) | Judge Brinkema |
| | ) | |
| OTASOWIE CHRISTOPHER ASUEN | ) | Sentencing: August 31, 2012 |

**SUPPLEMENTAL POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Kimberly R. Pedersen and Patricia Haynes, Assistant United States Attorneys, files this Supplemental Position of the United States With Respect to Sentencing.

The defendant pleaded guilty to a criminal information charging him with conspiracy to launder money, in violation of 18 U.S.C. §1956(h), and conspiracy to travel/use of interstate facilities in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952.

The defendant now objects to the inclusion of a two level upward adjustment, pursuant to U.S.S.G. § 3B1.1(c) for being an organizer and leader of money laundering activity that involved less than five participants because he directed the activities of one of his brothers and K.F. by instructing them on when and where to pick up the proceeds of his prostitution business. In support of this objection, the defendant argues that the money that was collected and deposited on his behalf was "used to pay the essential expenses of the underlying prostitution business" and the adjustment is precluded by the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008).

The essence of the defendant's argument appears to be that the defendant cannot be held accountable for having a leadership role in a conspiracy to launder his own prostitution proceeds because the monies that were picked up at his direction were used "to pay the essential expenses of the underlying prostitution business." There is no support in the law for the defendant's objection and the *Santos* decision does not preclude the use of this adjustment. The U.S. Probation Office properly calculated a two level enhancement for the defendant's role in the offense and the defendant's objection should be overruled.

First, the defendant fails to point out that the monies collected by others on his behalf (his 40% share) were the "gross receipts" of his illicit prostitution business. A portion of the gross monies collected were certainly used by the defendant to pay the essential, day-to-day expenses of the business. However, the defendant conveniently ignores the fact that the other portion of the monies collected was clearly the defendant's profits from his criminal activity. Presumably, the generation of profits was the main or primary reason that the defendant became involved in this criminal activity in the first place.

Second, the use of the word "proceeds" and whether it applies to profits or gross receipts, and to what criminal activity, was made confusing by the Supreme Court's decision in *Santos* in 2008. In order to eliminate confusion in the wake of that decision, Congress amended the money laundering statutes. On May 20, 2009, the President signed the Fraud Enforcement and Recovery Act (FERA) into law. FERA amended 18 U.S.C. § 1956(c) by specifically defining "proceeds" as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." As a result, the defendant's position that the money laundering statute only criminalizes financial transactions that promote

criminal activity involving "profits" is incorrect. The money laundering statute which criminalizes financial transactions involving the "proceeds" of criminal activity certainly includes transactions with the gross amounts of cash collected from criminal activity and not just those involving a defendant's profits.

In this case, the defendant directed others to collect monies from prostitution. Once those monies were collected from the prostitutes, the defendant directed others to complete additional distinct and separate financial transactions that formed a portion of the basis for the money laundering conspiracy count. One series or types of transactions involved depositing the monies into various bank accounts[1]. After the cash was deposited at his direction, the defendant engaged in various, additional financial transactions. A portion of those additional transactions was made to promote the criminal activity but another portion was certainly designed to spend and conceal the defendant's substantial profits.

For example, during the conspiracy, the defendant purchased a gray 2007 Aston Martin luxury vehicle for approximately $92,000. A review of financial records from Apple Federal Credit Union reveal that the defendant's brother (the same account holder of the Bank of America Campus Edge checking account) applied for and received an $80,000 used car loan, along with co-borrower and co-conspirator Kuraye T. Akuiyibo. The defendant was the co-signer of the loan. The defendant later titled this car in his name and his brother's name only and made payments on the car with his cash proceeds, which he had directed others to deposit into various bank accounts. The payments for this car were clearly made with the defendant's

---

[1] The defendant used one Campus Edge checking account at the Bank of America held in the name of one of his brothers to deposit approximately $677,205.33 in cash.

profits from his prostitution business and not from the monies used for the day to day expenses of the business or to promote the business.

Either the defendant used a portion of the collected proceeds to perpetuate his criminal enterprise by purchasing air fares or paying hotel costs OR the defendant engaged in separate and distinct financial transactions to spend his profits lavishly on himself to conceal and disguise the nature, location, source and ownership and control of those proceeds. In either case, these two different types of financial transactions constituted either promotion money laundering or concealment money laundering which were separate and distinct from the defendant's involvement in the substantive racketeering offense.

In any case, there is simply no problem of a merger between a money laundering crime and the substantive crime that generated the proceeds. The substantive crime (the Travel Act conspiracy) was completed once the prostitution proceeds were collected. The money laundering crimes began once the prostitution proceeds were deposited into the bank accounts and used either to promote the racketeering enterprise or to conceal the true nature of the illicit profits.

For the foregoing reasons, the defendant's objection should be overruled.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:     /s/
Kimberly Riley Pedersen
Patricia M. Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700    Fax: 703-837-8242

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via ECF this 30th day of August, 2012, which will send a copy of such filing (NEF) to all parties.

By: /s/
Kimberly R. Pedersen
Patricia M. Haynes
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Bar No. 39004
Phone: 703-299-3700
Fax: 703-837-8242