IN THE UNITED STATES DISTRICT
EASTERN DISTRITC OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| v. ) | Docket No: 1:12CR038 |
| ) | |
| KIANA MCKELVIN ) | Judge Brinkema |
|     Defendant. ) | |
| _____ ) | |

## DEFENDANT'S POSITION WITH RESPECT TO GOVERNMENT'S MOTION FOR A SENTENCE REDUCTION

THE DEFENDANT, Kiana McKelvin ("Ms. McKelvin"), through undersigned counsel, submits that she has reviewed the Government's Motion for Sentence Reduction ("Motion") Pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Ms. McKelvin, subsequently, presents her position with respect to the Government's Motion to the Honorable Court.

## PROCEDURAL HISTORY

On January 25, 2012, Ms. McKelvin received a federal indictment, charging her and others with racketeering offenses associated with the operation of an online prostitution business. Ms. McKelvin entered a guilty plea to one count (Count 2 of the Indictment) of Travel Act Conspiracy – Interstate Travel in Aid of Racketeering on May 8, 2012. On August 3, 2012, Ms. McKelvin was sentenced before the Honorable Court. Exercising judicial discretion and in observation of several mitigating factors that were present, the Court sentenced Ms. McKelvin to six (6) months incarceration in prison with two (2) years of supervised release. Pursuant to the Court's ruling, Ms. McKelvin surrendered herself to the U.S. Bureau of Prisons on October 2, 2012. Since then she has been in incarcerated at Alderson Federal Penitentiary.

## BACKGROUND

This case arises from an FBI investigation into a criminal conspiracy involving online escort agencies that ran prostitution businesses within the Eastern District of Virginia. Ms. McKelvin became associated with one of these agencies when she responded to an online employment listing. The owner of Classy DC Escorts ("Classy"), Kuraye Akuiyibo (aka "Gerald") ("Akuiyibo") responded to her and requested that she meet him for a brief interview. Initially, Ms. McKelvin was hired as one of Classy's escorts and she worked in this capacity for approximately three (3) weeks. Following this, she left the organization for a time, but then was recruited by Akuiyibo to be Classy's substitute scheduler.

## ARGUMENT

Ms. McKelvin should be granted a significant sentence reduction on account of her timely and substantial assistance to the Government in its ongoing investigation, aiding in the prosecution of others within the criminal conspiracy in question. According to Rule 35 of the Federal Rules of Criminal Procedure, the Court has the authority to reduce a defendant's sentence when it is shown that the defendant "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). We agree with the general recitation of facts proffered by the Government in their Motion with respect to the content of Ms. McKelvin's assistance to the Government through her numerous debriefings. However, we would add the following points to their assessment.

Ms. McKelvin was among the first of the codefendants in the conspiracy to come forward, cooperate with Government officials, and enter a guilty plea before the Court. Aside from being a testament to Ms. McKelvin's feeling of remorse and acceptance of responsibility, the temporal quality of these actions contributes significantly to her showing of substantial

assistance to the Government in its ongoing investigation. As this was an investigation in organized crime, government agents and the U.S. Attorney's Office inevitably invested a large amount of time in their work toward securing convictions. Ms. McKelvin's cooperation with the Government provided them with an eyewitness source to the activities in the organization and, being among the first to do so, significantly expedited their progress. Therefore, due to the timeliness of her cooperation, Ms. McKelvin was a large contributor to the Government's overall progress and an accelerant to the completion of the investigation.

Additionally, Ms. McKelvin's unique role in the organization provided twofold value to the Government in their investigation. As the facts state, Ms. McKelvin initially operated as one of the organization's prostitutes and then later as its substitute scheduler. The latter position held by Ms. McKelvin, though still a minimal role, gave her exposure to the management of the organization, its clientele, and its employees. This is a unique post insofar as it was a confluence of the organization at large, allowing her to gain (and later provide) insight to both the managerial and the employee functions in the organization and to identify personnel. Coupled with her being among the first to cooperate with the Government as stated above, her place within the organization provided qualitatively significant assistance to the Government. Additionally, Ms. McKelvin attended numerous debriefings and made herself available to testify if the Government required her to do so, despite her plans to return to Nevada to be with her family. Therefore, Ms. McKelvin's position as a medium in the organization rendered substantial assistance to the investigation and should be taken into account when considering her downward departure.

The prosecutor attempts to discount Ms. McKelvin's cooperation by discussing the circumstances surrounding her sentencing. Our position is that this is not an appropriate

consideration for this Motion. As stated above, the grant of a reduced sentence under Rule 35 hinges upon a defendant's substantial assistance to the Government. Fed. R. Crim. P. 35(b)(1). The fact that the Court exercised its judicial discretion in Ms. McKelvin's favor is therefore not relevant to a reduction in sentence. Ms. McKelvin's assistance alone should be the determining factor for the Rule 35 Motion. Likewise, the Court's judgment based on other mitigating factors does not rise to the current issue and should bear no relevance to the present motion for a reduction of sentence. To suggest otherwise would trivialize Ms. McKelvin's substantial assistance to the Government. Therefore, the Court's exercise of judicial discretion should not influence a decision for a reduced sentence.

## CONCLUSION

THEREFORE, for all of the foregoing reasons, the Defendant requests that the Court reduce her sentence by at least 50%.

RESPECTFULLY SUBMITTED,

By: /s/ Jaime Foy
JOHN A. BONETA, ESQ. No.36912
Attorneys for Defendant
258 N. Washington Street
Falls Church, VA 22046
Phone: 703-536-6166
Fax: 703-536-3296
jab@jboneta.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 14 day of January 2013, I filed the foregoing Position With Respect to Government's Motion for a Sentence Reduction with the clerk via ECF, which caused a copy of aforementioned document to be sent to all parties, including the Assistant United States Attorney Kimberly Pedersen.

  By: _____
JOHN A. BONETA, ESQ. No.36912
JAWERIA SIYAL, ESQ. No.82651
Attorneys for Defendant
258 N. Washington Street
Falls Church, VA 22046
Phone: 703-536-6166
Fax: 703-536-3296
jab@jboneta.com